# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DOUGLAS E. DAYTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-01670-AGF |
| | ) | |
| RICHARD LISENBEE, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of pro se plaintiff Douglas E. Dayton to commence this civil action without prepayment of the filing fee. (Docket No. 2). Upon review of the motion, the Court finds that it should be granted. Additionally, for the reasons discussed below, the Court must dismiss plaintiff's complaint for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or

threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

At all times relevant to this complaint, plaintiff was a detainee incarcerated at the Phelps County Jail in Rolla, Missouri. (Docket No. 1 at 1-2). His complaint names Phelps County Sheriff Richard Lisenbee and Lieutenant Matt Shults, the Phelps County Jail Administrator, as defendants. (Docket No. 1 at 2). The defendants are sued in both their individual and official capacities. Plaintiff brings this action pursuant to 42 U.S.C. § 1983, claiming that defendants

acted under color of law to deprive him of his rights secured by the United States Constitution. (Docket No. 1 at 1).

Plaintiff alleges that he was brought to the Phelps County Jail on December 5, 2014 and placed on a twenty-four hour hold. (Docket No. 1 at 3). The following day, he was charged with unlawful use of a weapon, a class D felony.

Approximately two weeks after being charged, plaintiff began asking the staff at the Phelps County Jail about being taken to court for arraignment. He was advised by staff that the jail did not decide when plaintiff went to court. Rather, he would be taken to his arraignment when the court called for him. Despite this answer, plaintiff alleges that he "kept asking about an arraignment for about another week or two." He states that he was told "over and over" that it was up to the court to call down to the jail. Plaintiff states that he eventually gave up on asking about his arraignment. (Docket No. 1 at 4).

On January 28, 2015, after fifty-three days of incarceration in the Phelps County Jail, plaintiff was taken to his arraignment. When he got to the courtroom, plaintiff asked his attorney why it took so long for him to get arraigned. His attorney advised plaintiff that "sometimes that just happens." Plaintiff notes that his attorney was not concerned with his constitutional right to due process of law. He also states that he pled not guilty at the arraignment hearing.

Plaintiff asserts that Missouri Revised Statute § 544.260[1] requires the accused to be arraigned as soon as practicable, without unnecessary delay. He alleges this statutory provision was violated. He also alleges that being incarcerated in the Phelps County Jail for fifty-three days

---

[1] Missouri Revised Statute § 544.260 provides: "Persons arrested under any warrant for any offense shall, when no provision is otherwise made, be brought before the associate circuit judge who issued the warrant, or if he be absent or his office be vacant, or if he be not authorized to act within the county in which the offense was committed, then before the nearest associate circuit judge in such county; and the warrant by virtue of which the arrest was made, with a proper return endorsed thereon and signed by the officer or person making the arrest, shall be delivered to such associate circuit judge."

3

violated his rights under the Fifth and Fourteenth Amendments to the United States Constitution, as well as the Missouri Constitution.

Plaintiff seeks $500,000 in actual damages and $100,000 in punitive damages. (Docket No. 1 at 5).

**Discussion**

Plaintiff brings this § 1983 action against defendants Lisenbee and Shults, alleging that they violated his constitutional rights when plaintiff had to wait fifty-three days before appearing for his arraignment. Having thoroughly reviewed and liberally construed plaintiff's complaint, and for the reasons discussed below, this action must be dismissed for failure to state a claim.

**A. Official Capacity Claims**

Plaintiff's claims against defendants Lisenbee and Shults in their official capacities must be dismissed for failure to state a claim.

In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

Defendant Lisenbee is the Sheriff of Phelps County, Missouri, and defendant Shults is the administrator of the Phelps County Jail. Claims against them in their official capacities are actually claims against their employer, Phelps County.

A local governing body such as Phelps County can be sued directly under § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). In order to prevail on such a claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *See Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018); and *Kelly*, 813 F.3d at 1075. Liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1089 (8th Cir. 2018). *See also Marsh*, 902 F.3d at 751 (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three ways in which plaintiff can prove Phelps County's liability.

First, plaintiff can show the existence of an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). *See also Russell v. Hennepin Cty.*, 420 F.3d 841, 847 (8th Cir. 2005) ("A policy is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible…for establishing final policy with respect to the subject matter in question"). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations

5

by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id*. at 390.

Alternatively, plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, plaintiff must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, plaintiff can assert a municipal liability claim by establishing a deliberately indifferent failure to train or supervise. To do so, plaintiff must allege a "pattern of similar constitutional violations by untrained employees." *S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

Plaintiff's complaint fails to allege any facts demonstrating that the delay in his arraignment was caused by an unconstitutional policy or custom on the part of Phelps County, or by the County's deliberately indifferent failure to train or supervise its employees. Indeed, he does not mention any policy, custom, or failure to train whatsoever. Such allegations are necessary to support an official capacity claim. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the

alleged deprivation of plaintiff's rights). Therefore, plaintiff's official capacity claims against defendants Lisenbee and Shults must be dismissed.

### B. Individual Capacity Claims

Plaintiff's individual capacity claims against Lisenbee and Shults must be dismissed for failure to state a claim.

Liability in a § 1983 case is personal. *Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). *See also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights).

Plaintiff alleges that defendants violated his constitutional rights because he was held in the Phelps County Jail for fifty-three days before he was arraigned. Even assuming that such a length of time is constitutionally unacceptable, plaintiff has failed to show that defendants Lisenbee or Shults are responsible for this state of affairs. As plaintiff admits, he was told on several occasions that the date of his arraignment was determined by the court system, not the jail, and that he would be taken to court when summoned. Plaintiff provides no facts to the contrary, to wit: that the jail actually determines the timing of court appearances. Furthermore, there is no indication in the complaint that defendants wrongfully kept him from going to court once called, or did anything that might have delayed plaintiff from attending a hearing. Indeed, there is no indication that defendants even knew plaintiff's situation.

Plaintiff appears to be asserting defendants' liability based solely on their respective positions of authority. To that end, he states that defendant Lisenbee "is legally responsible for the entirety of the Phelps County Jail and those under his direct command," and that defendant Shults "is the officer responsible for the day to day running of the Phelps County Jail." However, vicarious liability and respondeat superior are inapplicable to § 1983 suits. *See Rogers v. King*, 885 F.3d 1118, 1122 (8th Cir. 2018); and *Marsh*, 902 F.3d at 754. Instead, "a supervising officer can be liable for an inferior officer's constitutional violation only if he directly participated in the constitutional violation, or if his failure to train or supervise the offending actor caused the deprivation." *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010). As noted above, plaintiff has not alleged that defendants directly participated in any constitutional violation. Furthermore, he has also failed to establish that any of defendants' subordinates participated in a constitutional violation, much less that such a violation resulted from defendants' failure to properly train or supervise their subordinates. For these reasons, plaintiff's individual capacity claims must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 13th day of March, 2019.

                                                                                     _____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE